(43 App. Div. 140.)

PRIOR et al. v. MORTON BOARDING STABLES.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. APPEAL—REVIEW.
   A verdict based on conflicting evidence will not be disturbed.

2. CONVERSION—EVIDENCE—DAMAGES.
   In an action for conversion of a coach, evidence of its cost some five years before the conversion, its condition when bought, the value of repairs put upon it, and that it was in good order when converted, was proper on the question of damages; it appearing that the coach had been partially destroyed by fire, after a refusal to deliver on plaintiff's demand.

3. SAME—MEASURE OF DAMAGES.
   The ordinary measure of damages, in action for conversion, is the value at or about the time of the conversion.

4. APPEAL—REVIEW.
  Any question arising out of an allowance of special damages in conversion cannot be first raised on appeal.

Appeal from trial term, New York county.

Action by Robert J. Prior and another against the Morton Boarding Stables. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Victor J. Dowling, for appellant.
G. H. Corey, for respondents.

PATTERSON, J.   From a judgment in an action for the conversion of certain personal property, the defendant appeals.   The property consisted of a coach and a set of harness belonging to the plaintiffs.   One Frank Kane, without the knowledge or consent of the plaintiffs, gave the property into the possession of the defendant, a corporation.   It was delivered to Kane by a Mrs. Prior, who acted without authority.   On learning that the defendant had the property, the plaintiffs demanded it from the president of the defendant.   It is established by the testimony of several witnesses that one Lynch (the president of the defendant), when the demand was made upon him, said that the plaintiffs could not have it; that Kane was indebted to the defendant for a bill for a horse, and when that bill was paid the coach would be given up; and he also stated that, if the plaintiffs wanted the property, they could get it by bringing a replevin suit.   On the other hand, Lynch testified that, when the demand was made, he said the property would be surrendered upon the procurement of an order from Kane.   The jury found in favor of the plaintiffs upon conflicting evidence, and their verdict is fully sustained by the proofs.   The conversion, therefore, was fully made out.

It is objected that improper evidence was received as to the value of the property converted.   On the part of the plaintiffs, the testimony to show the value of the coach was its cost some five years before the conversion, its condition when bought, the value of repairs put upon it, and that it was in good order at the time it was converted.   Proof was also given as to the cost of the harness and its condition at the time of the conversion.   It appeared that the coach was partially destroyed by fire while in the possession of the defendant, and after its refusal to deliver it upon the plaintiffs' demand.   The evidence as to the value of the coach, under the circumstances, was proper.   Jones v. Morgan, 90 N. Y. 4.   One of the plaintiffs' witnesses was asked what he paid for the harness.   That was objected to, not upon the ground that it was incompetent,—that is to say, that it was not fit or appropriate to establish value, nor that it was not the best evidence, nor that it was not shown the harness was without market value,—but only upon the ground that it was immaterial.   The subject of the value of the harness was left by both

parties upon that evidence, except that the plaintiffs also showed that it was a tallyho harness, and had been two years in use; that it was in perfect order, but had deteriorated a little by wear. No request was made to the judge by the defendant to instruct the jury as to the force of this evidence, or that it was insufficient or unavailing as proof of value. The case went to the jury upon a charge to which there is no exception. The rule stated by the trial judge as to the measure of damages would be open to criticism, if an exception had been taken. The ordinary measure of damages, in actions for the conversion of property, is the value of the property at or about the time of the conversion. The judge charged in this case that, if the plaintiffs were entitled to recover, it would be the value of the property and such loss as was sustained by the owner by being deprived of the use and enjoyment of the property. Special damage was not set up in the complaint, but the defendant was content to have the case go to the jury upon the instruction referred to. There is something in the record to show that the verdict may possibly include special damage resulting from the deprivation of the use of the property after the conversion, but any question arising out of such an allowance in the verdict cannot be raised now, as that was not done in the court below. There was testimony of the value of the use of the coach, which seems to have been rented by the plaintiffs, who were livery stable keepers, to excursion parties on special occasions. One of the plaintiffs' witnesses was asked whether they had applications for the use of the coach, but that particular question did not refer to a time subsequent to the conversion, and could have been answered categorically, and was only objected to on the ground that it was immaterial. It was nowhere suggested, nor was the attention of the court, during the whole trial, called in any way to the fact that special damage had not been pleaded. Had that been done, the court might have allowed an amendment to the complaint, as that would have related merely to damages. When the plaintiffs' witness was asked as to an application made at a particular time after the conversion by parties for the use of the coach, the only objection taken was that the plaintiffs were not in the possession of the coach when the application sought to be proved was made, and therefore any agreement would be invalid as against the defendant, because the plaintiffs knew they could not furnish the coach. That objection was overruled. The real ground upon which the evidence might have been objectionable was not intimated. The finding of the jury was justified, the conversion was proved, and the amount of the verdict is not excessive.

The judgment and order appealed from must be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY and INGRAHAM, JJ., concur.

BARRETT, J. I cannot concur in the suggestion that, by an amendment, special damages would have been authorized. The damages here were limited to the value of the property at the time of conversion. I concur in the result, however, as the question on that head was not properly or sufficiently raised.